No. 11–8023/AR.  U.S. v. Adam Winfield.  CCA 20110289.  Petitioner's motion for a stay of proceedings is denied.

No. 10–0178/AF.  U.S. v. William J. St. Blanc, Jr.  CCA 37206.  The Court's Order of May 17, 2011, is hereby vacated, and upon further consideration of the granted issue (69 M.J. 247) in light of *United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2011), it is ordered that Appellant and Appellee file additional briefs addressing *Beaty* and whether Appellant waived his right to a trial by court members based on the misapprehension of the maximum punishment.  Appellant's brief shall be filed within 30 days of the date of this order.  Appellee's brief shall be filed within 30 days of the filing of Appellant's brief.  Appellant may file a reply within 10 days of the filing of Appellee's brief.

Thursday, June 2, 2011

No. 11–6003/AR.  U.S. v. Michael A. Prince.  CCA 20100939.  On further consideration of the certified issue, 69 M.J. 499 (C.A.A.F. 2011), the briefs of the parties, and oral argument, we note that when acting on interlocutory appeals under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2006), we may only act with respect to matters of law.  *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007); Article 67(c), UCMJ.  To overturn a military judge's evidentiary ruling on appeal, there must be a showing that the challenged ruling was an abuse of discretion.  *United States v. Taylor*, 53 M.J. 195, 199 (C.A.A.F. 2000).  In view of the evidence of record, the military judge did not err as a matter of law.  Accordingly, the certified issue is answered in the negative and the decision of the United States Army Court of Criminal Appeals is affirmed.

No. 11–0403/AF.  U.S. v. Brent A. Campbell.  CCA 37460.  Review granted on the following issue:

> WHETHER THE MILITARY JUDGE ERRED, AFTER FINDING ALL THREE CHARGES AROSE OUT OF THE SAME TRANSACTION AND WERE PART OF THE SAME IMPULSE, BY MERGING THEM FOR SENTENCING RATHER THAN DISMISSING THEM.

Briefs will be filed under Rule 25.

No. 11–0413/NA.  U.S. v. Anthony P. Ballan.  CCA 201000242.  Review granted on the following issues:

> I.  WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUS-*

*SELL v. UNITED STATES*, AND THIS COURT'S RECENT OPINIONS IN *MEDINA*, *MILLER*, AND *JONES*.

II. ALTHOUGH THE CRIME OF INDECENT ACTS WITH A CHILD TO WHICH APPELLANT PLEADED GUILTY WAS NOT A LESSER IN-CLUDED OFFENSE OF THE CHARGED CRIME OF RAPE OF A CHILD AND THUS HAD NOT BEEN FORMALLY REFERRED TO TRIAL BY COURT–MARTIAL BY THE CONVENING AUTHORITY, WHETHER APPELLANT WAIVED SUCH IRREGULARITY BY PLEADING GUILTY UNDER A PRETRIAL AGREEMENT TO INDE-CENT ACTS WITH A CHILD IN VIOLATION OF ARTICLE 134, WHERE NEITHER THE PRETRIAL AGREEMENT NOR APPEL-LANT'S PLEA AT ARRAIGNMENT EXPRESSLY SET FORTH EI-THER POTENTIAL TERMINAL ELEMENT FOR AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION, BUT BOTH ELEMENTS WERE DISCUSSED AND ADMITTED DURING THE PROVIDENCE INQUI-RY.

Briefs will be filed under Rule 25 on Issue II only.

Misc. No. 11–8037/AF.   In re Keith M. Hall, Petitioner, v. Commander Robert Stover, USN, Commanding Officer, Naval Consolidated Brig, Miramar, California and the United States, Respondents.   Petitioner's motion to withdraw the petition for relief in the nature of a writ of habeas corpus, or in the alternative, writ of mandamus as moot is granted.

Friday, June 3, 2011

No. 11–0450/AR.   U.S. v. Beau A. Gramz.   CCA 20100594.   On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted, and, that the decision of the United States Army Court of Criminal Appeals is affirmed.*

No. 11–0437/MC.   U.S. v. Royan R. Rosche.   CCA 201000461.   Review granted on the following issue:

* It is directed that the promulgating order be corrected to reflect the UCMJ article number as 112a. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]